# UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: Andrew W. Mulkerin

Case No.: 1:24-bk-00270

FILED '24 FEB 2 PM3:47
CLERK, US COURT, PAMB
CME

## MOTION FOR EMERGENCY INJUNCTIVE RELIEF

1. **Introduction to Emergency Injunctive Relief Request**
   I, Andrew W. Mulkerin, amid the immediate necessity to protect my financial interests, urgently petition this Court for the issuance of an Emergency Injunctive Relief Order to suspend the imminent sheriff's sale of the property located at 210 Lafayette Street, York, Pennsylvania 17401 (Property Parcel ID No. 08-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.00-00000). This request is made to safeguard my assets, notably against the scheduled sale by Traditions Bank on Monday, February 5, 2024.

2. **Background of the Motion**
   This motion accompanies my Chapter 13 bankruptcy filing, initiated under pressing circumstances that demand immediate legal intervention. My pro se filing today, inclusive of my credit counseling certificate and list of debtors, is propelled by the urgent need to prevent the loss of this property. I am committed to engaging a bankruptcy attorney as swiftly as possible, recognizing this step as a fundamental component of navigating through my financial restructuring with the professionalism and precision this process demands.

   While my immediate filing is undertaken independently, I do so with the utmost respect for the judicial system and the structured legal framework it provides for individuals in financial distress. My intent to proceed pro se is a temporary measure, driven by the exigencies of the moment rather than a preferred long-term strategy.

3. **Integration of Business Financial Distress into Personal Bankruptcy Proceedings**
   The inextricable link between my personal financial situation and the fiscal reality of Mulkerin Tool & Machine, LLC, of which I own 90% and am the

1

financially and legally responsible corporate officer, is undeniable. I finalized the purchase of assets of Wolfe Tool & Machine Company from Keith and Lisa Wolfe using the legal entity Mulkerin Tool & Machine, LLC on September 30, 2022. Occupying the position of both the owner and personal guarantor for the company's financial commitments, the trajectory of my personal finances was drastically altered by the severe downturn followed by the cessation of the business. This result was directly instigated by the adversarial actions of Traditions Bank and Keith & Lisa Wolfe, the previous owners of Wolfe Tool & Machine Company. Their seeming conspiracy against me and Mulkerin Tool & Machine, LLC has become a critical factor in the financial challenges that are severely affected not only my financial well-being but also the economic stability of my family (refer to Affidavit of Andrew W. Mulkerin attached).

4. **Irreparable Harm from Forced Sale**
   The impending forced sale, orchestrated by Traditions Bank (designated as 'Creditor #17' in the list of creditors submitted to the court), represents a significant and urgent concern. These actions by Traditions Bank directly threaten the stability and integrity of my financial restructuring efforts under Chapter 13 bankruptcy. The sale of this property constitutes an irrevocable detriment, effectively divesting me of a significant asset foundational to both my personal livelihood and my financial recovery efforts.

5. **Legal Basis for Injunction: Enhanced Legal Shield**
   Chapter 13 bankruptcy case activates a potent legal shield, specifically designed to protect debtors amidst financial reorganization. This includes:

   A. **Automatic Stay Under Chapter 13**: Central to the Chapter 13 bankruptcy framework is the automatic stay provision, a critical legal safeguard that halts all creditor actions, encompassing foreclosures and sheriff's sales. This provision stands as an essential defense mechanism, ensuring the preservation of the debtor's financial stability while facilitating an orderly approach to debt reorganization. Its role is indispensable in creating a conducive environment for debtors to restructure their financial obligations without the imminent threat of asset liquidation or creditor harassment. This breathing space afforded by Chapter 13 federal bankruptcy law is more than a mere protective measure; it is a fundamental right bestowed upon debtors. It is designed to ensure a fair opportunity for financial recovery and to pave the way for a fresh start.

2

B. **Repayment Plan Formulation and Management:** The formulation of a court-approved repayment plan under Chapter 13 is a meticulous process designed to equitably balance debt obligations with the protection of essential assets. It is imperative that this process unfolds undisturbed by external actions such as those being forced forward by the leadership of Traditions Bank. Such actions not only jeopardize my ability to achieve financial stability but also undermine the structured and deliberate nature of bankruptcy proceedings. Therefore, it is imperative that the Chapter 13 process be allowed to continue without interruption. Traditions Bank, while significant, represents just one of numerous creditors in this context. Guaranteeing an equitable approach requires that each creditor, without exception, receives fair consideration under the vigilant oversight of this judicial process.

C. **Mandatory Creditor Compliance with Enhanced Oversight:** The legal architecture of Chapter 13 bankruptcy compels all creditors, without exception, to conform rigorously to the terms established by the court. This requirement serves as a cornerstone in the defense against any form of inequitable creditor practices including conspiracy, ensuring that the debtor is treated fairly and equitably under the law. Traditions Bank (OTCPK: TRBK), alongside all financial institutions, is bound by these obligations and must conduct its operations within the framework of federal jurisdiction. This includes adherence to bankruptcy regulations as well as the wider spectrum of federal banking and financial legislation. Such adherence is crucial for maintaining the integrity of the financial system and upholding the principles of justice and equity that underpin our legal framework. The conduct of Traditions Bank, marked by a troubling degree of impunity, necessitates immediate and rigorous oversight. The imperative now lies with the Court to wield its authority decisively, ensuring Traditions Bank's actions are strictly regulated to conform to the spirit and the precise mandates of federal statutes.

6. **Balance of Harms: A Clear Disparity**
The balance of harms in this case is markedly skewed, necessitating judicial intervention:

3

A. **Profound Personal and Financial Consequences**: The looming sheriff's sale of the 210 Lafayette Street, York, Pennsylvania 17401 property threatens not just a significant financial blow, but a profound personal upheaval as well. The loss of property in such a manner is not merely a transaction—it's a devastating event with irreversible consequences that ripple through every aspect of my life. The potential dispossession symbolizes the unraveling of both personal and professional stability and security, profoundly affecting my capacity to rebuild and progress.

B. **Compromising the Integrity of the Bankruptcy Process**: Allowing the sheriff's sale to proceed under the current circumstances directly threatens to compromise the integrity and intended function of the Chapter 13 bankruptcy process. This legal pathway is designed to provide individuals with a structured and equitable framework for managing and overcoming financial distress. The sale, if conducted, would severely disrupt this delicate balance, effectively stripping me of the chance to engage in a fair and methodical financial reorganization.

C. **Limited Impact on Creditors:** Implementing a temporary stay on the sheriff's sale essentially maintains the status quo and permits an in-depth judicial review which will not infringe on the rights of other creditors. It ensures that no premature steps are taken that might unjustly prejudice any party, allowing the Court to make a well-informed decision based on a comprehensive examination of all of the facts.

7. **Petition for Immediate Judicial Intervention**
I hereby respectfully implore this Honorable Court to promptly enact a Preliminary Emergency Injunction to suspend the imminent sheriff's sale of the property located at 210 Lafayette Street, York, Pennsylvania 17401 (Parcel ID No. 08-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.00-00000), including all items contained within, as orchestrated by Traditions Bank pursuant to case No.: 2023-NO-004852 (Traditions Bank v. Mulkerin Tool & Machine, LLC.). This request extends to curbing any further adversarial measures taken by the bank, or by its agents and representatives, that negatively impact my financial and legal standing. Immediate and assertive court action is imperative to protect my rights and interests from additional infringement, ensuring Traditions Bank's conduct and that of its associates adhere to the principles of justice and equity.

8. **Upholding Integrity and Respecting Judicial Authority**

4

As I humbly present this motion to the Court, I do so with a profound sense of respect for the judicial process and the authority vested in this Honorable Court. My actions throughout have been guided by a commitment to transparency, and a belief in the principles of justice and equity. This approach is indicative of my intent to engage with this legal challenge with clean hands and a clear conscience.

At this pivotal moment, my faith lies firmly in the esteemed wisdom and discernment of the Court. The evidence and legal situation underpinning my petition clearly underscore the critical need for the immediate relief I seek. This motion transcends mere legal formalities; it is a heartfelt entreaty for the Court's intervention, rooted in a respect for its profound capacity to administer justice.

I earnestly implore this Honorable Court to acknowledge the pressing urgency of my circumstances and to bestow the injunctive relief crucial for the protection of my rights and the preservation of my future, as the unequivocal mandates of justice demand. With profound respect for the Court's essential role and its foundational purposes, I respectfully seek a resolution that embodies the esteemed virtues and principles this Court so admirably champions.

Respectfully submitted,

*[signature]*

Andrew W. Mulkerin

February 2, 2024