IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
ANDREW WILLIAM MULKERIN,
Debtor.

FILED '24 JUL 29 AM10:15
CLERK, US COURT, PAMB

ANDREW WILLIAM MULKERIN,
Movant,
vs.
ANDREW R. VARA,
UNITED STATES TRUSTEE,
Respondent.

CHAPTER 13

CASE NO.: 1:24-bk-00270-HWV

## RESPONSE TO OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION FOR CONSOLIDATION OF RELATED MATTERS UNDER CHAPTER 13 CASE

Now Comes Andrew William Mulkerin, the Debtor, respectfully submits this response to the United States Trustee's ("UST") Objection to the Debtor's Motion for Consolidation of Related Matters Under Chapter 13 Case and states as follows:

**Background**

1. The Debtor acknowledges the filing of the instant case on February 2, 2024 (Doc. No. 1).

2. The Debtor understands the importance of confirming a Chapter 13 Plan and is actively working towards this goal. The motion to dismiss the case with prejudice is acknowledged and will be addressed in due course (Doc. No. 113). The Debtor is representing himself pro se and expects to be afforded the same rights and time as others who have come before him.

3. The UST's office has the authority to differentiate between circumstances in individual cases and to exercise discretion in applying judgment, considering the nuances essential for achieving equal justice under the law. The Debtor is making concerted efforts to

1

preserve and accurately value his remaining assets and to gain legal control of the assets he manages, which will benefit creditors.

4. While the Debtor has filed a Chapter 13 plan, it was not confirmed, and the court has ordered the Debtor to refile a revised plan that complies more closely with bankruptcy code sections 1322, 1325, and 1326, including all applicable subparts. The Debtor intends to submit the revised plan on or before August 5, 2024, and believes it will be comprehensive and satisfactory to all parties. The court specifically instructed the Debtor to address the requirements outlined in:

   - 11 U.S.C. § 1322, which details the contents of the plan, including the mandatory provisions under 1322(a) and the permissive provisions under 1322(b).
   - 11 U.S.C. § 1325, which covers the requirements for confirmation of the plan, including good faith, feasibility, and the treatment of secured and unsecured claims.
   - 11 U.S.C. § 1326, which outlines the requirements for payments under the plan, including the timing and distribution of payments.

5. The Debtor is making every effort to comply with these specific requirements as instructed by the court.

6. After this important milestone, the Debtor believes it is crucial to value all assets of his estate, including his ownership in various LLCs. Consolidating these matters in this court will facilitate an accurate and efficient valuation.

7. The court has indicated that claims against various parties should be pursued through adversarial proceedings. The Debtor plans to initiate these claims once properly prepared, aiming to hold all relevant parties jointly and separately liable. This approach will allow for the separate valuation of all assets while establishing the claims. Ultimately, this process will determine the value of the litigation in terms of monetary judgments, addressing both asset destruction and the culpability of involved parties.

8. The Debtor contends that a conspiracy exists, which should be evident with further investigation. To date, he has presented only a limited subset of the information he has diligently gathered. Once these claims are appropriately presented to this honorable court, the Debtor believes he can progress more efficiently through the bankruptcy process, which will result in substantial tax payments to the government, benefiting all parties involved and the general public good.

9. As the 92% beneficial owner and managing member of Mulkerin Holdings, LLC; Beta Machine & Fabrication, LLC; Javelin Automation, LLC; Mulkerin Tool and Machine, LLC; and True Air, LLC (Doc. No. 223), the Debtor must accurately ascertain the value of these assets. Consolidating the related matters will facilitate an efficient and just resolution for all parties, providing clarity and transparency for the court.

2

10. Therefore, the most efficient way to establish the value of these assets is through the bankruptcy process in this court. Coordinating this valuation under the bankruptcy process is imperative, as it provides a unified and systematic approach. Even if legal representation were obtained, it would likely necessitate filing parallel and/or serial bankruptcies under LLC bankruptcy code, in conjunction with my pro se representation. This complex and fragmented approach would significantly delay the process and complicate the valuation of my estate, making consolidation the most effective path to achieve a just and equitable resolution for all parties involved.

**Response to Objection**

11. The Debtor's Motion for Consolidation seeks to streamline and efficiently manage related matters under the current Chapter 13 case, including but not limited to the aforementioned LLCs (Doc. No. 223).

12. The Debtor apologizes for any vagueness in the original Consolidation Motion and would like to clarify the relief sought. The primary goal is to consolidate the related financial and legal issues under the jurisdiction of the Bankruptcy Court to ensure a comprehensive and efficient resolution. The Debtor is not attempting to circumvent legal procedures or Federal Rules.

13. The Debtor believes that consolidating is necessary for a more comprehensive evaluation of his financial situation, ultimately benefiting all parties.

14. The Consolidation Motion (Document 223) should be read to include:

    - Removal of all state court civil proceedings related to the debtor's business entities to prevent complications and ensure compliance with court orders.

    - Resolution of all county and federal tax audits within the Bankruptcy Court, as the Debtor's substantial ownership and control of the businesses are central to the valuation of his estate.

    - Staying the dismissed bankruptcy cases for the business entities to protect their value as part of the Debtor's estate, and implementing a stay for True Air, LLC, and Mulkerin Tool & Machine, LLC, which have not filed for bankruptcy and lack legal representation but are facing hostile creditor and local governmental actions. This stay would protect these companies from being overwhelmed by creditors, giving the Debtor time to secure proper legal representation and defend them effectively against potentially biased actions at the locally exerted level.

15. The Debtor believes that the removal of state court civil proceedings to federal court is justified not only to consolidate legal matters but also to ensure a fair and unbiased forum. The Debtor perceives potential bias in York, Pennsylvania, and seeks the impartiality that the federal court provides. Under 28 U.S.C. § 1452, removal is

3

appropriate for matters related to bankruptcy cases. A list of known legal cases is provided in Exhibit A; it is possible there are others filed with Magisterial District Judge Jennifer P. Clancy, who presides over District Court 19-2-05, located at 1410 Sixth Avenue, York, PA 17403. Exhibit B provides the location of the District Court. Additionally, the Google Earth photograph in Exhibit B captures the proximity of the interested party Kinsley in proceeding 1:24-bk-00270-HWV, represented by Eden R. Bucher Esq. of Barley Snyder. Kinsley is also a creditor of Mulkerin Holdings, Inc. As the Honorable Court and the UST's Office both know, Kinsley wields significant power within the York business and political landscape.

16. The Debtor respectfully recognizes that the Honorable Judge Van Eck possesses broad equitable powers under 11 U.S.C. § 105(a) to issue any order, process, or judgment necessary or appropriate to carry out the provisions of the Bankruptcy Code. These equitable powers are fundamental to ensuring justice and fairness in complex cases like the Debtor's. The Debtor requests that these powers be invoked to address the unique and intertwined circumstances of his case. The interconnected nature of his business entities and personal finances presents a compelling need for equitable relief to ensure a just resolution.

17. The Debtor has made numerous attempts to explain the intricate relationships between his businesses. While he has stumbled repeatedly and considerably, he has also provided information and testimony that supports his request for equitable relief. Although his case has not yet been fully presented, the evidence and relationships uncovered thus far highlight the rationale behind his requests. A thorough consideration of these interconnected business affairs is essential for providing the Debtor with a fair opportunity to reorganize and fulfill his obligations. Invoking equitable relief will ensure that his efforts to achieve a comprehensive and just resolution are not thwarted by procedural technicalities or fragmented proceedings.

18. The Debtor firmly believes that consolidation and a stay will benefit all parties by providing a clear, unified framework for addressing complex financial issues, ensuring that all creditors are treated fairly and equitably. The Debtor is committed to resolving the matter efficiently and does not intend to prolong the process unnecessarily. The court has demonstrated genuine interest in the case and has processed all matters to date with fairness, clarity, patience, confidence, compassion, and expediency, which, in the Debtor's opinion, epitomizes the essence of justice. Consolidation and a stay will facilitate this just resolution, allowing for a thorough and cohesive approach to the Debtor's reorganization.

19. If it pleases the Court, the Debtor respectfully contends that he should not be held accountable for the companies if he is unable to defend them by invoking federal bankruptcy provisions applicable under the Bankruptcy Code. The complexities of the

4

case and the current lack of legal representation in federal bankruptcy court severely hinder the Debtor's ability to effectively engage with federal agencies, including the IRS and potentially the FBI. Legal representation is crucial in these instances, as well as in matters involving federal bank regulators including the SEC. The intricacies and stakes involved in these proceedings underscore the necessity for professional legal assistance to ensure a fair and just resolution.

20. Throughout this process, the Debtor has consistently aimed to maintain transparency and proper conduct. Despite being unfamiliar with the procedures and exposing himself and his business interests to significant legal and financial risks, the Debtor has proactively contacted the IRS on three separate occasions over the last two months. These efforts were made to ensure compliance and proper handling of both personal and business tax-related matters, underscoring the Debtor's commitment to lawful and ethical practices.

21. As part of the estate of Andrew William Mulkerin, Mulkerin Holdings, LLC; Beta Machine & Fabrication, LLC; Javelin Automation, LLC; Mulkerin Tool and Machine, LLC; and True Air, LLC (Doc. No. 223) comprise substantial value. They need to be valued as part of the Debtor's estate along with the Debtor's ownership of APX Seetech Systems, Inc. and Ventwell, Inc. to ensure a full and accurate evaluation in accordance with bankruptcy provision 11 U.S.C. § 541. According to 11 U.S.C. § 541(a)(1), the property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Additionally, 11 U.S.C. § 541(a)(6) includes "proceeds, product, offspring, rents, or profits of or from property of the estate," which supports the need to accurately value these business entities as part of the Debtor's estate.

22. The bankruptcy process is crucial for accurately valuing the Debtor's assets, and adversarial proceedings will aid in presenting information and determining this value. Notably, the value in question includes contingent assets from litigation and claims against various entities and individuals, which will not be named here to avoid further complications. The Debtor stands by all his in-person testimony in federal court before the Honorable Judge Van Eck, who swore him in under oath on December 5, 2023, as well as all the filings since the case began. These emphasize the importance of achieving a comprehensive and just resolution for all parties involved.

23. The Debtor hopes that through consolidation, he can better coordinate the necessary information and actions to protect the value of his estate and ensure fair treatment for all creditors and stakeholders. I am striving to deal with my debts responsibly in both my personal and business life, recognizing the high degree of intertwinement between the two. This reality affects all parties involved.

24. The Debtor's goal is to resolve these matters justly and equitably, without unnecessary delays or complications, respecting the court's process and seeking its guidance and judgment.

5

**Employment and Financial Stability**

25. The Debtor is pleased to inform the Court and the UST that he is in the final stages of securing full-time employment with Anjana Engineering Works as General Manager, North American Operations, with an expected start date on or around August 23, 2024, in Mechanicsburg, Pennsylvania. This position entails overseeing and managing all aspects of Anjana Engineering Works' operations in North America, developing and implementing business strategies to drive growth and profitability, and building and maintaining relationships with key clients and stakeholders. This employment opportunity will provide the necessary financial stability to address outstanding obligations and demonstrate the Debtor's commitment to resolving his financial situation. The Debtor is building his Chapter 13 plan around this fact and is highly confident in his ability to shift his professional focus into this promising new endeavor.

WHEREFORE, the Debtor urgently requests that the Court grant permission to amend the Consolidation Motion to directly address the concerns raised by the UST. Upon such amendment, the Debtor seeks approval of the Motion for Consolidation of Related Matters Under Chapter 13 Case or, alternatively, to propose an effective solution to resolve these critical issues. The Debtor believes this approach will ensure a fair, just, and efficient resolution for all parties involved.

Respectfully submitted,

Andrew William Mulkerin
Debtor Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050
andy.mulkerin.pro-se@outlook.com
717-571-5670

Dated: July 29, 2024

**Exhibit List**

**Exhibit A: List of Known Legal Cases**

**YORK CIVIL COURT:**

- **2022-SU-000710:** King Jr., Leroy A. vs. True Air LLC, Andrew Mulkerin - Civil: Real Property, Ejectment (Filed: 3/21/2022)

- **2023-SU-002834:** Commercial Credit Group Inc. vs. Mulkerin Holdings LLC - Civil: Miscellaneous, Replevin (Filed: 10/16/2023)

- **2023-NO-004856:** Kinsley Equities II Limited Partnership vs. Mulkerin Holdings LLC - Judgment Complaint & Confession of Judgment (Filed: 8/18/2023)

- **2023-NO-004851:** Traditions Bank vs. Mulkerin Tool and Machine LLC - Judgment Complaint & Confession of Judgment (Filed: 8/18/2023)

- **2023-NO-004852:** Traditions Bank vs. Mulkerin Tool and Machine LLC - Judgment Complaint & Confession of Judgment (Filed: 8/18/2023)

- **2023-NO-004855:** Traditions Bank vs. Mulkerin Tool and Machine LLC - Judgment Complaint & Confession of Judgment (Filed: 8/18/2023)

- **2023-NO-006072:** Commonwealth of PA Dept. of Revenue vs. Mulkerin Tool and Machine LLC - Judgment: Commonwealth Tax Lien (Filed: 11/8/2023)

- **2023-NO-006094:** Commonwealth of PA Dept. of Revenue vs. Mulkerin Tool and Machine LLC - Judgment: Commonwealth Tax Lien (Filed: 11/9/2023)

- **2024-NO-005510:** Commonwealth of PA Dept. of Revenue vs. Mulkerin Tool and Machine LLC - Judgment: Commonwealth Tax Lien (Filed: 7/16/2024)

- **2022-SU-002871:** Advanced Industrial Services Inc. vs. Beta Machine and Fabrication LLC, Andy Mulkerin - Civil: Contract (Filed: 11/22/2022)

- **2024-SU-000477:** Engles and Fahs Inc. vs. Beta Machine and Fabrication LLC - Civil: Contract (Filed: 2/16/2024)

- **2024-NO-002069:** Commonwealth of PA Dept. of Labor and Industry vs. Beta Machine and Fabrication LLC - Judgment: Commonwealth Tax Lien (Filed: 3/26/2024)

- **2022-SU-002876:** Christopher M. Sydorko LLC vs. Javelin Automation LLC - Civil: Contract (Filed: 11/22/2022)

- **2023-SU-001793:** Plastic Fabricators Inc. vs. Javelin Automation LLC - Civil: Contract (Filed: 7/3/2023)

7

- **2023-NO-000598:** Commonwealth of PA Dept. of Labor and Industry vs. Javelin Automation LLC - Judgment: Commonwealth Tax Lien (Filed: 2/9/2023)
- **2024-NO-001791:** Commonwealth of PA Dept. of Labor and Industry vs. Javelin Automation LLC - Judgment: Commonwealth Tax Lien (Filed: 3/6/2024)
- **2023-NO-002212:** Commonwealth of PA Dept. of Labor and Industry vs. True Air LLC - Judgment: Commonwealth Tax Lien (Filed: 5/1/2023)
- **2023-SU-002115:** APX Enclosures Inc. vs. Andrew Mulkerin, Irene Mulkerin, Mulkerin Holdings Inc., Beta Machine and Fabrication, True Air Systems, Mulkerin Tool & Machine LLC, Javelin Automation LLC - Civil: Contract / Other (Filed: 8/11/2023)
- **2023-SU-003278:** Andrew W. Mulkerin vs. Keith E. Wolfe, Lisa B. Wolfe - Civil: Contract / Other (Filed: 11/20/2023)
- **2023-SU-003282:** Andrew W. Mulkerin vs. Kinsley Equities II Limited Partnership - Civil: Real Property / Other (Filed: 11/20/2023)
- **2022-SU-002871:** Advanced Industrial Services Inc. vs. Beta Machine & Fabrication (Andy Mulkerin) - Civil: Real Property / Other (Filed: 11/22/2022)
- **2023-NO-005037**: Kinsley Equities II Limited Partnership vs. Andrew W. Mulkerin - Judgment Complaint & Confession of Judgment (Filed: 8/25/2023)

**CUMBERLAND COUNTY CIVIL COURT:**

- **2022-09387:** Leroy A. King, Jr. vs. Andrew Mulkerin, Mulkerin Holdings, LLC, Javelin Automation, LLC, True Air, LLC, and Beta Machine & Fabrication, LLC - WRIT OF EXECUTION (Filed: 12/9/2022)
- **2023-01578:** Joseph T. Ryerson & Sons, Inc. vs. Beta Machine & Fabrication / Andrew W. Mulkerin - Complaint Contract Debt Collections: Other Money Damages (Filed: 2/23/2023)
- **2023-04859:** Alro Steel Corporation vs. Andrew W. Mulkerin (Beta Machine & Fabrication, LLC) - Complaint Contract Debt Collections: Other Money Damages (Filed: 6/9/2023)
- **2023-06438:** Traditions Bank vs. Andrew W. Mulkerin & Irene P. Mulkerin - CONFESSION OF JUDGMENT (Filed: 8/17/2023)
- **2023-06467:** Traditions Bank vs. Andrew W. Mulkerin & Irene P. Mulkerin - CONFESSION OF JUDGMENT (Filed: 8/17/2023)
- **2023-06478:** Traditions Bank vs. Andrew W. Mulkerin & Irene P. Mulkerin - CONFESSION OF JUDGMENT (Filed: 8/18/2023)

Case 1:24-bk-00270-HWV    Doc 232    Filed 07/29/24    Entered 07/29/24 10:18:48    Desc
Main Document    Page 8 of 20

- **2023-10915:** PA Dept. of Labor and Industry vs. Andrew W. Mulkerin - Certified Copy of Liens (Filed: 12/22/2023)

- **2022-SU-002876:** Christopher M. Sydorko LLC vs. Javelin Automation LLC - Civil: Contract (Filed: 11/22/2022)

- **2023-SU-001793:** Plastic Fabricators Inc. vs. Javelin Automation LLC - Civil:

**Exhibit B: Location of the District Court and Proximity to Key Creditor**

- **Address of District Court:** Magisterial District Judge Jennifer P. Clancy, District Court 19-2-05, 1410 Sixth Avenue, York, PA 17403

- **Google Earth Photograph:** Showing the proximity of Kinsley Equities II, Limited Partnership (known simply as Kinsley in Central Pennsylvania).

# EXHIBIT

# A

**YORK CIVIL COURT:**

- **2022-SU-000710:** King Jr., Leroy A. vs. True Air LLC, Andrew Mulkerin - Civil: Real Property, Ejectment (Filed: 3/21/2022)

- **2023-SU-002834:** Commercial Credit Group Inc. vs. Mulkerin Holdings LLC - Civil: Miscellaneous, Replevin (Filed: 10/16/2023)

- **2023-NO-004856:** Kinsley Equities II Limited Partnership vs. Mulkerin Holdings LLC - Judgment Complaint & Confession of Judgment (Filed: 8/18/2023)

- **2023-NO-004851:** Traditions Bank vs. Mulkerin Tool and Machine LLC - Judgment Complaint & Confession of Judgment (Filed: 8/18/2023)

- **2023-NO-004852:** Traditions Bank vs. Mulkerin Tool and Machine LLC - Judgment Complaint & Confession of Judgment (Filed: 8/18/2023)

- **2023-NO-004855:** Traditions Bank vs. Mulkerin Tool and Machine LLC - Judgment Complaint & Confession of Judgment (Filed: 8/18/2023)

- **2023-NO-006072:** Commonwealth of PA Dept. of Revenue vs. Mulkerin Tool and Machine LLC - Judgment: Commonwealth Tax Lien (Filed: 11/8/2023)

- **2023-NO-006094:** Commonwealth of PA Dept. of Revenue vs. Mulkerin Tool and Machine LLC - Judgment: Commonwealth Tax Lien (Filed: 11/9/2023)

- **2024-NO-005510:** Commonwealth of PA Dept. of Revenue vs. Mulkerin Tool and Machine LLC - Judgment: Commonwealth Tax Lien (Filed: 7/16/2024)

- **2022-SU-002871:** Advanced Industrial Services Inc. vs. Beta Machine and Fabrication LLC, Andy Mulkerin - Civil: Contract (Filed: 11/22/2022)

- **2024-SU-000477:** Engles and Fahs Inc. vs. Beta Machine and Fabrication LLC - Civil: Contract (Filed: 2/16/2024)

- **2024-NO-002069:** Commonwealth of PA Dept. of Labor and Industry vs. Beta Machine and Fabrication LLC - Judgment: Commonwealth Tax Lien (Filed: 3/26/2024)

- **2022-SU-002876:** Christopher M. Sydorko LLC vs. Javelin Automation LLC - Civil: Contract (Filed: 11/22/2022)

- **2023-SU-001793:** Plastic Fabricators Inc. vs. Javelin Automation LLC - Civil: Contract (Filed: 7/3/2023)

- **2023-NO-000598:** Commonwealth of PA Dept. of Labor and Industry vs. Javelin Automation LLC - Judgment: Commonwealth Tax Lien (Filed: 2/9/2023)

1

- **2024-NO-001791:** Commonwealth of PA Dept. of Labor and Industry vs. Javelin Automation LLC - Judgment: Commonwealth Tax Lien (Filed: 3/6/2024)

- **2023-NO-002212:** Commonwealth of PA Dept. of Labor and Industry vs. True Air LLC - Judgment: Commonwealth Tax Lien (Filed: 5/1/2023)

- **2023-SU-002115:** APX Enclosures Inc. vs. Andrew Mulkerin, Irene Mulkerin, Mulkerin Holdings Inc., Beta Machine and Fabrication, True Air Systems, Mulkerin Tool & Machine LLC, Javelin Automation LLC - Civil: Contract / Other (Filed: 8/11/2023)

- **2023-SU-003278:** Andrew W. Mulkerin vs. Keith E. Wolfe, Lisa B. Wolfe - Civil: Contract / Other (Filed: 11/20/2023)

- **2023-SU-003282:** Andrew W. Mulkerin vs. Kinsley Equities II Limited Partnership - Civil: Real Property / Other (Filed: 11/20/2023)

- **2022-SU-002871:** Advanced Industrial Services Inc. vs. Beta Machine & Fabrication (Andy Mulkerin) - Civil: Real Property / Other (Filed: 11/22/2022)

- **2023-NO-005037**: Kinsley Equities II Limited Partnership vs. Andrew W. Mulkerin - Judgment Complaint & Confession of Judgment (Filed: 8/25/2023)

**CUMBERLAND COUNTY CIVIL COURT:**

- **2022-09387:** Leroy A. King, Jr. vs. Andrew Mulkerin, Mulkerin Holdings, LLC, Javelin Automation, LLC, True Air, LLC, and Beta Machine & Fabrication, LLC - WRIT OF EXECUTION (Filed: 12/9/2022)

- **2023-01578:** Joseph T. Ryerson & Sons, Inc. vs. Beta Machine & Fabrication / Andrew W. Mulkerin - Complaint Contract Debt Collections: Other Money Damages (Filed: 2/23/2023)

- **2023-04859:** Alro Steel Corporation vs. Andrew W. Mulkerin (Beta Machine & Fabrication, LLC) - Complaint Contract Debt Collections: Other Money Damages (Filed: 6/9/2023)

- **2023-06438:** Traditions Bank vs. Andrew W. Mulkerin & Irene P. Mulkerin - CONFESSION OF JUDGMENT (Filed: 8/17/2023)

- **2023-06467:** Traditions Bank vs. Andrew W. Mulkerin & Irene P. Mulkerin - CONFESSION OF JUDGMENT (Filed: 8/17/2023)

- **2023-06478:** Traditions Bank vs. Andrew W. Mulkerin & Irene P. Mulkerin - CONFESSION OF JUDGMENT (Filed: 8/18/2023)

- **2023-10915:** PA Dept. of Labor and Industry vs. Andrew W. Mulkerin - Certified Copy of Liens (Filed: 12/22/2023)

- **2022-SU-002876:** Christopher M. Sydorko LLC vs. Javelin Automation LLC - Civil: Contract (Filed: 11/22/2022)

- **2023-SU-001793:** Plastic Fabricators Inc. vs. Javelin Automation LLC - Civil:

# EXHIBIT

# B

Magisterial District Judge
Jennifer P. Clancy, District
Court 19-2-05

Kinsley



UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re: Andrew William Mulkerin, Debtor.
Case No. 1:24-bk-00270-HWV

**RESPONSE TO OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S MOTION FOR CONSOLIDATION OF RELATED MATTERS UNDER CHAPTER 13 CASE**

**SERVICE LIST**

1. **United States Trustee: Mr. Andrew R. Vara**
   U.S. Department of Justice, Office of the United States Trustee
   1500 Walnut Street, Suite 900
   Philadelphia, PA 19102
   (First Class Mail)

2. **Assistant U.S. Trustee: Mr. D. Troy Sellars**
   U.S. Department of Justice, Office of the United States Trustee
   Sylvia H. Rambo U.S. Courthouse
   1501 North 6th Street, Box 302
   Harrisburg, Pennsylvania 17102
   (First Class Mail)

3. **Chapter 13 Trustee: Mr. Douglas Roeder,**
   Sylvia H. Rambo U.S. Courthouse
   1501 North 6th Street, Box 302
   Harrisburg, Pennsylvania 17102
   (First Class Mail)

4. **Standing Chapter 13 Trustee: Mr. Jack N. Zaharopoulos**
   P.O. Box 6008
   Memphis, TN 38101-6008
   (First Class Mail)

5. **Mario J. Hanyon, Esq.** Brock & Scott, PLLC
   302 Fellowship Road, Suite 130
   Mount Laurel, NJ 08054
   Representing: **Freedom Mortgage Corporation**

1

10500 Kincaid Drive, Fishers, IN 46037
(First Class Mail)

6. **Pennsylvania Department of Revenue Bankruptcy Division**
   PO Box 280946
   Harrisburg, PA 17128-0946
   (First Class Mail)

7. **Northern York County Regional Police**
   1445 East Canal Road
   Dover, PA 17315-2798
   (First Class Mail)

8. **Kimberly A. Bonner, Esq.**
   JSDC Law Offices
   11 East Chocolate Ave, Suite 300
   Hershey, PA 17033
   Representing: **Orrstown Bank**
   2695 Philadelphia Ave, Chambersburg, PA 17201
   (First Class Mail)

9. **Eden R. Bucher, Esq.**
   Barley Snyder
   2755 Century Boulevard
   Wyomissing, PA 19610
   Representing: **Traditions Bank**
   229 Pauline Drive, York, PA 17402
   (First Class Mail)

10. **Eden R. Bucher, Esq.**
    Barley Snyder
    2755 Century Boulevard
    Wyomissing, PA 19610
    Representing: **Kinsley Equities II Limited Partnership**
    6259 Reynolds Mill Rd, Seven Valleys, PA 17360
    (First Class Mail)

11. **Robert E. Chernicoff, Esq.**
    Cunningham and Chernicoff PC
    2320 North Second Street
    Harrisburg, PA 17110

2

Representing: **Leroy A. King, Jr.**
545 Aqua Court, York, PA 17403
(First Class Mail)

12. **Lawrence V. Young, Esq.**
    CGA Law Firm
    135 North George Street
    York, PA 17401
    Representing: **York Adams Tax Bureau**
    PO Box 15627, York, PA 17405
    (First Class Mail)

13. **David Jones, Esq.**
    Stock & Leader Attorneys at Law
    221 W Philadelphia St, Suite 600
    York, PA 17401
    (First Class Mail)

14. **Walter A. Tillery, III, Esq.**
    Stock and Leader, Attorneys at Law
    221 West Philadelphia Street, Suite 600
    York, PA 17401
    Representing: **Keith E. Wolfe & Lisa B. Wolfe**
    (First Class Mail)

15. **Ronald L. Hershner, Esq.**
    Stock & Leader Attorneys at Law
    221 W Philadelphia St, Suite 600
    York, PA 17401
    (First Class Mail)

16. **York County Sheriff's Office**
    45 N. George St.
    York, PA 17401
    (First Class Mail)

17. **Wilmington Trust Company**
    1100 North Market Street, Suite 1300
    Wilmington, DE 19801
    (First Class Mail)

3

18. **Craig A. Diehl, Esq.**
    3464 Trindle Rd
    Camp Hill, PA 17011
    (First Class Mail)

19. **Andrew V. Papoutsis**
    9156 Molly Pitcher Hwy,
    Greencastle, PA 17225
    (First Class Mail)

20. **Alex Snyder, Esq.**
    Barley Snyder
    100 Market St.
    York, PA 17401
    (First Class Mail)

21. **George C. Werner, Esq.**
    Barley Snyder
    126 East King Street
    Lancaster, PA 17602
    (First Class Mail)

22. **William C. Boak**
    Barley Snyder
    213 Market St., 12th Floor
    Harrisburg, PA 17101
    (First Class Mail)

23. **MacGregor J. Brillhart**
    Stock & Leader
    221 W. Philadelphia St.
    York, PA 17401
    (First Class Mail)

24. **Justin Tomevi, Esq.** Barley Snyder
    100 East Market Street
    York, PA 17401
    (First Class Mail)

**Verification**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

*Andrew William Mulkerin*

Andrew William Mulkerin

Debtor Pro-se
1740 Adeline Drive
Mechanicsburg, Pennsylvania 17050
andy.mulkerin.pro-se@outlook.com
717-571-5670

Dated: July 29, 2024